ZEL S. RICE, II, Secretary Department of Transportation
On behalf of the Joint Committee for Review of Administrative Rules, you have asked for my opinion on the following questions:
 "The question to be asked is whether s. 121.54 (7), Wis. Stats., requires extracurricular transportation of school children to be performed solely in school buses as defined in s. 340.01 (56), Wis. Stats., and driven by school bus operators licensed under s. 343.12, Wis. Stats. The department is also requested to ask when school children may be transported to and/or from school in a motor vehicle other than a `school bus'."
As indicated in your letter, these questions were the subject matter of 64 OAG 45 (1975). The questions were essentially answered in the opinion. However, it appears from the questions being asked that the Committee may not fully understand the views expressed in the opinion.[1] Accordingly, in answering these questions, I will be merely elaborating on the earlier opinion.
It is important in dealing with this question to understand the basic legislative framework which has been created in secs.121.54 (7), 343.12, and 340.01 (56), Stats. Those sections, particularly sec. 343.12, which requires that no person shall operate a school bus transporting school children unless he has a *Page 299 
school bus operator's license, and sec. 340.01 (56), which contains a broad definition of school bus, evidence a clear intent on the part of the legislature that, with limited exceptions, children being transported to and from school and children being transported while engaged in extracurricular activities should be transported in vehicles which meet certain minimal safety standards and which are driven by persons who are able to meet the requirements for a school bus operator's license. Thus, the general presumption in looking at particular cases is that children being transported to and from school or children being transported while engaged in extracurricular activities should be transported in vehicles and by drivers which meet the special requirements adopted for the safety of those transported.
EXTRACURRICULAR ACTIVITIES
Section 121.54 (7), Stats., does not require the extracurricular transportation of school children to be performed solely in "school buses," as defined in sec. 340.01 (56), Stats. The previous opinion concluded that at "casual" or "occasional" times, a vehicle with a seating capacity of less than ten could be used for the transportation of school groups engaged in extracurricular activities (64 OAG at pp. 47, 48). The opinion further concluded that such a vehicle under the circumstances of "casual" or "occasional" use, would not be a school bus and that the driver need not be licensed as a school bus operator (64 OAG at p. 48). The opinion went on to explain, however, that under the law, such use could not be on a regular basis, for the statutory term, "casual" means occurring by chance or without regularity, and the statutory term "occasional" means occurring at irregular or rare intervals (64 OAG at p. 48).
First it should be noted that under secs. 121.54 (7) and 340.01
(56), Stats., a school bus is only required for the transportation of those groups of students actually "engaged" in the extracurricular activity. In other words, a school bus and licensed school bus operator are only necessary for the transportation of the participants in the activity. As an example, it may be necessary to transport the football team to a game in school buses because they are "engaged" in the extracurricular activity. It would not be necessary to transport persons who are spectators. Further, the statute does not require students driving to extracurricular activities such as dances and transporting other *Page 300 
students, to do so in school buses. This would normally be "casual" or "occasional" use of a particular vehicle.
It has been suggested that "casual" and "occasional" are the antithesis of "planned" and that therefore "planned" trips not falling within any other exemption must be accomplished in a "school bus." This is not the only interpretation available and may be unduly restrictive in light of the fact that virtually all school activities are planned.
Therefore, in conclusion to the first question, it is my opinion that a motor vehicle having a capacity of less than ten, may be used on a "casual" or "occasional" basis to transport groups of students engaged in an extracurricular activity. Such a vehicle would not constitute a "school bus" within the meaning of the law and need not be driven by a licensed school bus operator. Chartered common carrier buses are also an exception to the requirement of providing a school bus and licensed school bus operator. Further, it is only the transportation of student participants in the extracurricular activity that falls within the requirements of providing a "school bus" and licensed school bus operator.
GENERAL EXCEPTIONS
The answer to the second question, which is, "when school children may be transported to and/or from school in a motor vehicle other than a `school bus'" is found in sec. 340.01 (56), Stats., and discussed in 64 OAG at pp. 47 and 48. In summary, the circumstances under which children may be transported to and from school in other than a "school bus" are:
 1. The transportation of the student in a vehicle owned or operated by the student's parents or guardians.
 2. A vehicle having a capacity of less than ten used for the reciprocal transportation of students.
This exception, found in sec. 340.01 (56)(b), Stats., is explained in 64 OAG at p. 48, as the common situation involving two or more families taking turns driving each other's children to and from school. The word "reciprocal transportation" is not a term of precise definition and the Department of Transportation appears to have some latitude in defining this term and in applying it. *Page 301 
 3. The transportation of students in buses operated by a common motor carrier.
I am aware that there has been criticism of your department as well as the Department of Public Instruction and my office for what have been alleged to be unduly restrictive applications of these statutes. This criticism is unfortunate and it misses the mark. Our effort has been to give meaning to the terms used by the legislature to deal with this question. This is an area where caution is advised. The school bus laws and the administrative rules adopted pursuant thereto are health and safety measures. Violation of the express standards contained therein amounts to negligence per se in this state and may subject the operator of a vehicle which violates the standards to liability for damages caused as a result. However, as the discussion above indicates the words "extracurricular," "groups," and "reciprocal" are not susceptible of precise definition and are subject to interpretation by the department. The interpretation adopted by your department would be entitled to great weight. Finally, the focus of the efforts of those who would change the law must be the whole legislature which adopted it and has the power to amend it.
I hope this letter sufficiently addresses the questions of the Committee. If not, you may contact Mr. Albert Harriman of this office for further explanation. In this same regard, if you have any questions regarding your proposed administrative rules, feel free to call on Mr. Harriman for assistance.
BCL:DJH:CAB
[1] While ch. 120, Laws of 1975, changed the definition of "school bus," contained in sec. 340.01 (56) that change does not affect the conclusions reached in 64 OAG 45 (1975).